UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| In re: | Case No. 12-39329-BKC-EPK |
|---|---|
| VICOR TECHNOLOGIES, INC., | Chapter 7 |
| Debtor. | |
| MARGARET J. SMITH, CHAPTER 7 TRUSTEE, | Adv. No. 14-01879-EPK-A |
| Plaintiff, | |
| vs. | |
| DR. DAVID KRASNOW | |
| Defendant. | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT MOTION FOR SUMMARY JUDGMENT [D.E. 10]**

Defendant, Dr. David Krasnow ("Defendant" or "Dr. Krasnow"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 (incorporated in Fed. R. Bankr. P. 7056), files this reply memorandum in support of *Defendant's Motion for Summary Judgment* [D.E. 10] (the "Motion") and in reply to *Plaintiff's Response to Defendant's Motion for Summary Judgment* [D.E. 15] (the "Response") filed by Plaintiff, Margaret J. Smith, as chapter 7 trustee (the "Trustee"), and states as follows:

**REPLY**

1. By the Response, the Trustee challenges whether the services performed by Dr. Krasnow constituted "reasonably equivalent value" in connection with the constructive fraud counts of her complaint (Counts III & IV) while appearing to concede that summary judgment is appropriate on the actual fraud counts (Counts I & II).

2. The law is clear that the Trustee bears the burden of proof to show that the pre-

petition payments to Dr. Krasnow were in exchange for less than "reasonably equivalent value" to Vicor under 11 U.S.C. § 548(a)(1)(B) and the applicable provisions of the Florida Uniform Fraudulent Transfer Act (Fla. Stats. Ch. 726). *See, e.g., Metro Commc'ns, Inc. v. Committee of Unsecured Creditors (In re Mellon Bank, N.A.)*, 945 F.2d 635, 646 (3rd Cir. 1991) ("Section 548(a)(2)(A) requires the trustee to show that the debtor received 'less than a reasonably equivalent value.'"); *United States v. Menotte*, 484 B.R. 835, 839 (S.D. Fla. 2012) ("In order for a transaction to be subject to avoidance under these statutes, the Trustee must show that the Debtor received less than reasonably equivalent value …."); *Bakst v. United States (In re Kane & Kane)*, 479 B.R. 617, 628 (Bankr. S.D. Fla. 2014) (Kimball, J.) ("Both the Bankruptcy Code and Florida law require the Trustee to prove that … the Debtor received less than reasonably equivalent value in exchange for the Transfers ….")

3. In connection with Dr. Krasnow's Rule 56 summary judgment request, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, ***and on which that party will bear the burden of proof at trial***." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (emphasis added).

4. In the Response, the Trustee's only support for her assertion that no "reasonably equivalent value" was provided by Dr. Krasnow is that he is an optometrist, and therefore unqualified to assist physicians using Vicor technology, and that his online biography does not indicate that he has experience in the Middle East. To support her assertion, the Trustee offers nothing more than an excerpt from some web blog published by "MedicineNet.com" discussing the general differences between optometrists and opthamologists and Dr. Krasnow's online biography. The Trustee, however, offers nothing to rebut the declarations of Dr. Krasnow and David H. Fater (former Vicor CEO), attached to the Motion, attesting to the actual services performed by Dr.

Krasnow under his consulting agreement with Vicor and the bargained-for value of those consulting services. These materials, which may not be admissible under Rule 56(c)(2), are insufficient to avoid summary judgment on the "reasonably equivalent value" issue *upon which the Trustee bears the burden of proof*.

5. In the absence of competent rebuttal evidence under Rule 56(c), Dr. Krasnow should be granted summary judgment on all counts of the complaint.

WHEREFORE, Dr. Krasnow respectfully requests that the Court grant summary judgment in his favor as requested in the Motion and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was filed electronically and served by Notice of Electronic Filing upon each of the parties and counsel identified on the CM/ECF service list maintained by the Court for this proceeding, on May 29, 2015.

Dated: May 29, 2015

                                                               Respectfully submitted,

                                                               MANCUSO LAW, P.A.
*Counsel for Dr. David Krasnow*
Boca Raton Corporate Centre
7777 Glades Rd., Suite 100
Boca Raton, Florida 33434
Tel: 561-245-4705
Fax: 561-226-2575
E-mail: ngm@mancuso-law.com

By: */s/ Nathan G. Mancuso*
Nathan G. Mancuso, Esq.
Florida Bar No. 174254

3